United States Court of Appeals for the 11th Circuit. Hear ye, hear ye, hear ye. The United States Court of Appeals for the 11th Circuit is now open according to law. God save the United States and this honorable court. Good morning. Judge Newsom, Judge Marcus and I welcome you to this, our fourth and final day of our virtual sitting in Miami this week. We truly appreciate your cooperation and your patience as we hold this session virtually. Judge Newsom and I in particular because we don't live in the area are very eager to get back to Miami so we hope that that will happen soon. If we experience any technical difficulties we have our crack IT team to take care of it so I ask that you just be patient and we'll make sure that you get to present the entirety of your argument. On your screen you'll see a timer when that turns yellow that means you have two minutes remaining in your argument. It will turn red when your time is expired and we ask that at that time you quickly conclude your remarks. Before you begin your arguments I'd like to remind you that we have read your briefs, we're familiar with your cases, so you can jump right in and get to the heart of your most important arguments. Let's begin today with case number 1811161 Mario Bacchiere versus United States of America if I've pronounced that correctly. We have Mr. Lopez for the appellant and Mr. Lopez you may begin when you're ready. Good morning Judge Pryor may please the court. Following a remand from the United States Supreme Court this court issued a very specific certificate of appealability to Mr. Bacchiere on this in this case and that question was basically whether in light of the Supreme Court's decision in United States versus Davis the district court erred in dismissing Mr. Bacchiere's 28 USC 2255 motion. The simple answer to that very specific question is yes and that is based both on the specific decision that was made by the district court in this case and also the specific facts in this case which are quite different than the facts in the recent decisions by this court in Granda, Parker and Foster and so we would simply ask that this court because the answer is yes to remand the case to the district court for further proceedings. But as I stated I'm sorry the case here is quite different than the cases in Granda, Parker and Foster. To begin with the court here was different and in all those other cases Granda, Parker and Foster the district court actually went to the merits of the claim that was being made by by the movement in those cases. Here the district court never got to the merit of the case. Part of that is because this was so far back this decision was made in January of 2018 but the district court made a decision only as to procedural default. In that specific decision the district court first found that Mr. Bache had actually shown cause that would overcome procedural default and then as to the prejudice issue the district court held that this court's prior decision in Ovalis prevented Mr. Bache from demonstrating prejudice. That of course was legally incorrect and as the United States versus Davis made clear the claim that Mr. Bache had made that Johnson would apply to a 924c offense was in fact correct. We have filed supplemental briefing also arguing that procedural default in this case is not even allowed since the claim that was that is being made is a jurisdictional claim. But even if this court were to go into determining the procedural default in this case we have argued that the government in this case waived the issue of procedural default by failing to object to the magistrate's report and recommendation. Finally let me ask you a question about your waiver argument Mr. Lopez. As I understand that your argument is that the government failed to object to the magistrate judge's determination that your client had shown cause and therefore waived the procedural default. Is that right? That's correct your honor. Okay and as I understand it when your client filed his 2255 motion in the district court the government did assert the procedural default. A magistrate judge found that your client had shown cause but not prejudice meaning that there had been a default and so the government didn't object but the government won the issue of default. So can you explain to me why the government was required to object at that point? There were two separate legal determinations made by the district court. Actually it was made by the magistrate judge but adopted and held by the district court. The first one and if you look at the R&R it's very clear that it is a separate legal determination that Mr. Bache has shown cause. And then the second separate legal determination was that prejudice could not be shown because of the abolished decision. So those are two separate legal determinations. If the government had any issue with one of them I would say the cause then under the rules of the southern district of Florida and under the rules of this court they had an obligation to if they had objected to that to file written objections with the magistrate with the court before the district court ruled on it. So that would be our argument there. But as I said in this case the facts are also quite different than in Grandin, Parker and Foster. In all those cases you had criminal defendants that were very involved in the planning of the Stash House robbery, the robbery of the cocaine. I believe all the cases dealt with cocaine. And so they were involved from early on. There were a lot of about stealing cocaine and using firearms to steal the cocaine. Here Mr. Bache was never involved in any of the negotiations, any of the discussions. A lot of those discussions were in fact recorded. He was never on any of those discussions. Mr. Bache showed up the night of the robbery. He was in one of the cars. There was testimony that somebody told him, hey you're sitting on a firearm, a loaded firearm. They showed up to the warehouse. And the facts from the trial and also that are laid out in the pre-sentence report are that Mr. Bache gets out of the car and stands by the car. There is no evidence that he carried the firearm, that he had the firearm in his hand. There was an arrest. There was a shooting. One of the co-defendants was killed. And then they found a loaded shotgun in the back seat of the car where Mr. Bache was sitting. And so count five which charged Mr. Bache with knowingly carrying a firearm during and in relation to a crime of violence or a drug trafficking crime or possessing a firearm in furtherance of a crime of violence or a drug trafficking crime. I don't think that was... Let me ask you a question Mr. Lopez. Yes sir. Seems to me among other things you're arguing here that the evidence was insufficient to support the charges. But you appealed the sufficiency of the evidence to support the convictions on round one before this court. And this court in a very short opinion and without much discussion affirmed. Doesn't that put an end to any claim that the evidence was insufficient as to any of the six counts on which your client was convicted? Your honor we're not challenging the sufficiency of the evidence and you're correct that that was on appeal and this court affirmed it. And if count five 924c just made it a federal offense for somebody to possess or carry a firearm as long as they were also convicted of a crime of violence or a drug trafficking crime then you would be completely correct. But again count five and on the evidence based in this case really the jury had to find that Mr. Bache possessed a firearm in furtherance of a crime of violence or a drug trafficking offense. And so it's that one extra requirement that the jury had to find that his possession of that firearm was in fact in furtherance of either a crime of violence or a drug trafficking offense that really sets this apart from the other cases like Granda and Parker. Because based on the evidence that was presented the very little evidence I think this court should have a grave doubt that when you're talking about possessing a firearm in furtherance of one of those offenses that the jury would have only gone to the conspiracy to commit a Hobbs Act robbery. And that is very likely the one act that they would have held that he possessed a firearm in furtherance of. So it's not that we're challenging sufficiency of the evidence as to the other offenses but when you're talking about that he possessed this firearm... Are you challenging sufficiency of the evidence as to count five? Well we're saying that it's likely that the jury found him that he possessed the firearm in furtherance of the Hobbs Act conspiracy. And so at the time and even on appeal that would have been a sufficient evidence. But here the claim is that that is not a federal offense because Hobbs Act robbery as this court has held is not a crime of violence. So that's our claim. Let me ask you Mr. Lopez about your jurisdictional argument. As I understand it that's based on our St. Hubert case which is based on Peters. In St. Hubert however Mr. St. Hubert was arguing that there were no valid predicates. Whereas here Mr. Batchier admits that there's a valid predicate. Is that a ground on which to distinguish St. Hubert? Your honor as we noted in our supplemental briefing I think the distinction between those cases Peter Bain and St. Hubert with the other cases for example like Cotton are that if the challenge that you're making is that there is no way that the charge offense could ever be a federal crime. So here we're the charge offense of possessing a firearm in furtherance of a Hobbs Act conspiracy. There is no way that that could ever be a federal crime in light of this court's decision. And so there's nothing really that the charging document could have done to save that or that any evidence presented at trial could have saved that. It is a jurisdictional claim that if as we have argued it's likely that the jury found that he possessed a firearm with relation to or in furtherance of the Hobbs Act conspiracy and only the Hobbs Act conspiracy that really would go to the jurisdiction of the district court. Help me with this. The problem that I'm having with the jurisdictional argument is that Batchelor's indictment did not charge only that he used a firearm in relationship to a Hobbs Act conspiracy. It also charged that he used a firearm in an attempt to possess with intent to distribute cocaine, both of which are valid drug trafficking predicates. And it was also alleged that he had used the firearm in relationship to an attempted Hobbs Act robbery, which is also a valid predicate. Therefore, it seems to me the indictment charged that he used a firearm in relation to two separate drug trafficking crimes. So an alleged conduct that fell within the sweep of 924 C perhaps I'm missing something there. But what's the error in that chain of reasoning as you see it? Yes, your honor. I think the court's focus should be on the claim that is being made by the movement, not going to the merits and what the actual result might be of that claim, but the claim itself. So here, the claim is that it's highly likely that the jury relied solely on the Hobbs Act conspiracy to find that Mr. Batchelor possessed a firearm in furtherance of that crime of violence and only to that claim. The reason I raise it is because an indictment would fail to charge an offense against the United States. There are three possibilities. The only one you're seizing on is that the charge conduct undoubtedly fell outside the sweep of the of the statute. But here, the charge conduct, at least to the extent that it had two predicate drug crimes and a predicate attempted robbery does not fall outside the sweep of the statute. Uh, yes, your honor. But going back to the claim being made by Mr. Batchelor, if you're looking at solely the claim, the claim being made by Mr. Batchelor is that, um, the possession of the firearm could only be in furtherance of the Hobbs Act conspiracy. If that's the claim being made, then that offense is not a federal offense and it's, it sweeps outside the federal jurisdiction. That would be our distinction here. Thanks. Thank you. I see the court. Let me go over. Um, I'll save my time for rebuttal at the court. Please. Thank you. Yes. And Mr. Lopez, you may have your full time for rebuttal because you were answering the court questions. Thank you. Ms. Sundaram. May it please the court, counsel. Good morning, your honors. Debra Cruz Sundaram for the United States. Your honors. First, the Davis error here is not jurisdictional. And therefore, in addition to Mr. Batchelor's arguments failing on the as your honors correctly pointed out, even under this court's narrow Peter and St. Hubert cases, Peter still only found claims to be jurisdictional when the indictment, not just the parsed out claim, but the indictment itself alleges only a non-offense. And as your honors correctly pointed out, that's simply not the case here. The indictment charged a valid federal statute, a nine 24 seat predicated on still valid drug trafficking and attempted offenses. Can I ask you a quick question? This is Judge Newsome. And I apologize. Although you see me on the screen, I'm actually channeling through my phone today because my computer audio there's a bit of a flag. Um, but I mean, isn't Mr. Lopez's point. It seems to me that on the jurisdictional point, you're, you're really arguing the merit says that, uh, you know, sort of whether you buy my claim or you don't. My claim is that sort of under Stromberg and the if you can't quite tell what the ballot, what's the basis for the, um, the conviction was, um, then, uh, you know, there is no, um, you know, and then you can't affirm and, uh, you know, he's at least got one theory about what we'll call a bad count. Um, that would mean that the, that the, that the entire, um, proceeding was based on an invalid offense, something that wasn't a federal. So why is that not jurisdictional within the meaning of Peters and St. Respectfully, your honor, we're not actually getting to the merits here. For instance, in St. Hubert, the claim was actually that St. Hubert's claim is that counts eight and 12 of the indictment failed to charge an offense. So in that case, there was only one predicate offense under each. And without even going to the merits, the claim there was that each of those counts failed of the indictment failed to charge an offense. In this case, the claim is simply that part of the indictment failed to charge an offense. So even under Peter, even under St. Hubert, they both focus on the claim having to focus on the indictment and the offense charged. So for instance, asking for purposes of the jurisdictional inquiry, the procedural default inquiry, don't we have to give for Lopez the benefit, the full benefit of his balance? And I'll ask whether that claim is jurisdictional. Yes, your honor, without going to the merits of the claim, without actually getting into the merits, the claim here is simply that the 924 C is predicated on conspiracy Hobbs Act robbery is invalid. However, that's not the charge of the indictment. Now, it may be different if the claim here was the 924 C is charged in the merits is invalid, then perhaps in that scenario, regardless of how frivolous it may be as to the merits, potentially in that scenario, they may be jurisdictional. But here, the claim was limited to the 924 C count in furtherance of just the conspiracy Hobbs Act robbery. And as, as both Peter and St. Hubert indicated, because in those cases, the court the government affirmatively alleged a course of conduct, which even in the appellant's view was outside the reach of the statute. And in those cases, whatever proof we would have set forth, no matter how overwhelming would have brought us no closer to showing the crime charged, not part of the crime charge, not part of the indictment, but the actual crime or indictment charge. And that's simply not the case here. And that's not with getting to the merits, Your Honor, I understand how it can seem like it is getting to the merits. But the problem is, is the claim here was limited to simply the conspiracy Hobbs Act robbery. And on the face of the indictment, which is what Peter citing to Tommany indicated, on the face of the indictment itself, we see that there's more than just the claim of conspiracy as a predicate offense, there's the claims of the drug trafficking, and the attempted Hobbs Act robbery offenses. And again, the claim here is simply that the only crime that's not alleged is a 924 C and furtherance of the conspiracy Hobbs Act robbery. Thank you bear those folks on the claim. That's the language that the court use. That's correct, Your Honor. But in St. Hubert, the claim there was that counts eight and 12 of the indictment failed to charge an offense. And in that scenario, count eight and 12, were simply predicated on one offense. And so on the face of the indictment, that would have been considered a jurisdictional claim under Peter, because the face of the indictment was only predicated on one offense. And the claim itself stated that those two counts of the indictment failed to charge an offense. That's not the case here. The claim here is not that count five, the 924 C count failed to charge an offense. It's simply that count by the 924 C count was invalid as simply the conspiracy Hobbs Act robbery predicate. And that's why this isn't a jurisdictional claim, Your Honors. Going to the facts of the case, this is very different. As Your Honors correctly pointed out, sufficiency has already been handled. However, I would note that the most direct evidence here that Mr. Bacci was aware that this robbery involved cocaine was that his co-conspirator Joe Guevara directly testified that Mr. Bacci arrived to the last meeting at Torres's house where he asked how everything was going to happen. And the crew told him that they were going to rip off the truck and get the cocaine. Everybody's going to get their cut and we're going to scream out police. And the plan to use guns during the robbery was discussed in his presence. And that's located at docket entry 274 pages 804, 806 and 813. And that's just the most direct evidence of his as well. Now as to, I can briefly address some of the other issues, Your Honor, as to the waiver of cause. The rule in the 11th circuit, which I believe is rule three dash one by its plain language states that a party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation weighs the right to challenge on appeal by its plain that talks about the party who's challenging on appeal. We here are simply defending the appeal. So any failure to object to the cause finding from the report and recommendation did not waive our claim. But in any event the magistrate court still found that the appellant failed to show actual prejudice. And so we would still prevail even if that had not been the case, Your Honors. And as to the COA, Your Honors, the COA in this case was simply whether the district court erred in denying the 2255 under Davis and applying Branda. In this case, Your Honors, the district court did not err. There is no need to remand this back to the district court in this situation. All the facts are before the court here. And so for all the reasons articulated in Branda, Mr. Batchelor's claims failed because not only did he procedurally default his claims, but his claims also fail on the merits. Is your merits that there was no error or that the error is harmless? The merits argument, Your Honor, is that the error was harmless under the Brecht standard and under Hedge Pet, Your Honor. Yep. So can I ask you just a quick question? I don't necessarily think you're wrong. I think that Branda, Parker, and Foster are pretty well on point here on the merits. How do you square up those cases insofar as they affect the continuing viability of the Stromberg rule itself? It seems to me that the rule of Stromberg is if you can't quite tell what happened, then you have to assume something bad happened. And the rule coming out of Branda, Parker, and Foster is so long as there was something valid that presumably happened, then it's harmless. So what's left of Stromberg? Well, Your Honor, it's my opinion that really there's not much left to Stromberg. It may be termed a Stromberg error since that was the 1931 case. However, case law has evolved over time, and we're now left with the Supreme Court's case in the Hedge Pet versus Polito 555 U.S. 57 2008, where the court there concluded that Stromberg is not in fact structural. And the court in a series of cases after Stromberg explained that Stromberg wasn't able to look at some of these constitutional errors and see whether or not they were subject to harmless error review. And so, to the extent that Stromberg discusses structural error and per se reversible error, that court under Stromberg is eviscerated, Your Honor. Hedge Pet v. Polito makes that clear in applying the correct standard of harmless error in the habeas context in these alternative theory cases. So we don't, I guess, post Hedge Pet, your position is post Hedge Pet, we don't have any more in sort of criminal practice, what I in civil practice used to call a good count, bad count rule, where you've got this general verdict and you just don't know, then you've got to presume that something bad, something went sideways. For Hedge Pet, your position is when you've got a general verdict, can't quite tell, then there's no presumption that something bad happened. And, you know, in fact, perhaps there's a presumption that something right happened and then nothing went sideways. I think the court says under this scenario, we have to look at the facts, we have to, not the facts, I'm sorry, we have to do a harmless error inquiry into the scenario to see whether or not there is a problem, to see whether or not there was a substantial and injurious effect or influence on the jury's verdict because of that error that existed. But I guess my point is that I shouldn't have used the word presumption, but my point is that in a case like this, where you've got five counts, four of which were arguably, or, you know, no reason to think they weren't valid, one of which was bad, then you think, well, sort of, you know, chances are, four to one, chances are this was valid. Yes, Your Honor. Got it. Okay. That's interesting. If Your Honors have no further questions, we'd ask that you affirm the district court's denial of Mr. Abbacchi's 2255. Thank you. Thank you, Mr. Lopez, rebuttal? Thank you, Your Honor. Just to address Judge Newsom's question, I think that kind of goes to the heart of our jurisdictional claim, that what this court said in Granda was that, as far as Stromberg's concerned, Hedgpeth said that any Stromberg error would be subject to harmless error analysis. And that's as far as Granda went, as far as the viability, continued viability of Stromberg. In our reading of it, if you had, for example, in this case, a Stromberg claim, that really does go to the jurisdictional, that is a jurisdictional claim under Peter and Bain and St. Hubert. And so that does still revive Stromberg and the Stromberg analysis. Yes, it's subject to harmless error. But if you make a Stromberg claim, that is, in fact, a jurisdictional claim, should not be subject to procedural default. And the court should then just address it on the merits and determine whether that error is, in fact, harmless or not pursuant to Hedgpeth. So speaking for myself, I'm not sure you're wrong on the jurisdictional piece, because I think that Stromberg, the Stromberg error that you've alleged today, you know, sort of does require us to give you the benefit of the doubt of that rule. But then I guess I really do wonder, once you get through to the merits, how you are going to tangle with Granda, Parker, and Foster, which, you know, pretty clearly seem to suggest that despite Stromberg, the harmless error analysis asks whether, like, on balance, there's a good reason that the, you know, conviction is valid. Yes, Your Honor. And again, that is going to the merits. And I, you know, I would disagree with the government that it really is going to the merits when it's saying that the claim itself is not jurisdictional. But once we do get to the merits, we would just rely on the difference in the evidence that was presented at trial. And as this court pointed out in Foster, you're talking about a grave doubt. You're talking about if the court feels that you're in equipoise as to what the basis for that conviction was. So, in this case, it would be, again, that Mr. Bache possess a firearm in furtherance of the Hobbs Act conspiracy or any one of the qualifying predicates. And we would say that based on the evidence that was presented at trial, this court should have a grave doubt that it should at least be in equipoise, thinking that perhaps the jury only found that he possess a firearm in furtherance of the Hobbs Act conspiracy. Again, that's the merits. But the claim itself is a Stromberg claim. It is a jurisdictional claim. This court should not apply procedural default to that claim. It should go to the merits. And again, here, the district court did not have the benefit of actually ruling on the merits, as did the district courts in this court remand to the district court to make those what we would consider to be essentially factual findings, factual determinations as to whether the claim is harmless or not. And if the court has no further questions, I would thank the court for its time. On behalf of Mr. Bache, we would say that the specific question that was asked by this court in the certificate of appealability has a simple answer. The district court erred. That's remanded back to district court for what the district court does best. And that's factual determinations on the merits of Mr. Bache's claim. Counsel, appreciate your help with this case. Thank you.